**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOSHUA J. SHINEFLEW
ADC #134509                                                                                          PLAINTIFF

V.                                              5:07CV000145 JLH/JTR

ARKANSAS DEPARTMENT OF CORRECTION                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the
        United States District Judge was not offered at the hearing before the
        Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Diagnostic Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that his constitutional rights were violated. *See* docket entry #2.  Pursuant to the screening function mandated by 28 U.S.C. § 1915A,[1] the Court recommends that the Complaint be dismissed, with prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Discussion

In his Complaint, Plaintiff alleges that the Arkansas Department of Correction, which is the only Defendant named in this action, violated his constitutional rights when it failed to protect him from being raped by another inmate while he was incarcerated at the Varner Unit. *See* docket entry #2. It is well settled that the state and its agencies, such as a department of corrections, are not "persons" amendable to suit under § 1983 for damages or injunctive relief.[2] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8ᵗʰ Cir. 1997) .

## III.  Conclusion

IT IS THEREFORE RECOMMEND THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

---

[2] *See also Brown v. Missouri Dep't of Corr.,* 353 F.3d 1038, 1041 (8th Cir. 2004) (holding that the Missouri Department of Correction is "not a proper party under section 1983");*Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988) (explaining that the Arkansas Board of Correction is entitled to Eleventh Amendment immunity because a "state agency which is the sole creation of the state has no separate identity, and thus cannot be stripped of it's official character"); *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989) (holding that the State of Arkansas and the Arkansas Commission on Law Enforcement Standards and Training were not subject to suit in a § 1983 action).

3.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[3]

Dated this 22nd day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."